IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MCS MUSIC AMERICA, INC.; CONEXION MEDIA GROUP, PLC, d/b/a SU-MA PUBLISHING COMPANY; MARK FARNER d/b/a CRAM RENRAFF COMPANY; CHARLIE BLACK, d/b/a SONGS IN BLACK INK; R GANT MUSIC GROUP, INCORPORATED, d/b/a HELLO DARLIN' MUSIC; CHARLES LLOYD, individually, and d/b/a FOREST FARM MUSIC; DARIUS BROOKS, d/b/a FROM D'S PEN; HAPPY SACK MUSIC, LTD., d/b/a VISA MUSIC; JOE HILL MUSIC, LLC, d/b/a JOE HILL MUSIC; LAURENCE WEISS, d/b/a RHINESTONE COWBOY MUSIC CO.; JOHN MCCUTCHEON, individually, and d/b/a APPALSONGS and APPALSEED PRODUCTIONS; DYYOR, INC., d/b/a SEVEN CENTERS PUBLISHING; and DAVID HOFFNER, d/b/a FIELDS OF AUTUMN PUBLISHING, <br><br>   Plaintiffs,<br>v.<br><br>YAHOO! INC., a Delaware corporation; REALNETWORKS, INC., a Washington corporation; and MICROSOFT CORPORATION, a Washington corporation,<br><br>   Defendants. | Case No. 3:09-cv-00597<br>JUDGE CAMPBELL<br>Magistrate Judge Griffin<br><br>JURY DEMAND |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

Plaintiffs[1] have sued Defendants seeking dramatically higher damages than is permitted by the Copyright Act. Plaintiffs contend that defendants Microsoft Corporation ("Microsoft") and Yahoo! Inc. (collectively, "Defendants") failed to pay compulsory royalties for digital transmissions of sound recordings embodying Plaintiffs' works, 215 alleged musical compositions. While Defendants do not concede infringement or the number of works at issue, for purposes of a motion for judgment on the pleadings, the Court must accept as true all facts alleged.

Plaintiffs' demand in their Complaint for "$150,000 *per each act of infringement* of Plaintiffs' copyrighted works" is unsupportable under the Copyright Act. As the statute, its legislative history and case law all make clear, Plaintiffs are only entitled to receive one award of statutory damages *per work infringed*. Because Plaintiffs' allegations misstate the law, Defendants seek an order for judgment on the pleadings that Plaintiffs may recover no more than a maximum of one award of statutory damages per work infringed, regardless of the number of copyrights, owners, exclusive rights or registrations alleged to be infringed.

---

[1] The plaintiffs in this case are MCS Music America, Inc., Conexion Media Group, PLC, D/B/A Su-Ma Publishing Company, Mark Farner D/B/A Cram Renraff Company, Charlie Black, D/B/A Songs In Black Ink, R Gant Music Group, Incorporated, D/B/A Hello Darlin' Music, Charles Lloyd Individually and D/B/A Forest Farm Music, Darius Brooks, D/B/A From D's Pen, Happy Sack Music, Ltd., D/B/A Visa Music, Joe Hill Music, LLC, D/B/A Joe Hill Music, Laurence Weiss, D/B/A Rhinestone Cowboy Music Co, John Mccutcheon, Individually and D/B/A Appalsongs and Appalseed Productions, Dyyor, Inc., D/B/A Seven Centers Publishing, and David Hoffner, D/B/A Fields Of Autumn Publishing, and are herein referred to collectively, as "Plaintiffs."

## RELEVANT ALLEGATIONS

Except for Plaintiff MCS,[2] Plaintiffs are alleged to be the owners of the exclusive copyrights in 215 musical compositions. (Doc. No. 17, ¶¶ 25, 31, 37, 43, 49, 55, 61, 67, 73, 79, 85, 91, 97). Although Plaintiffs allege that Defendants have digitally transmitted 308 separate sound recordings "embodying" Plaintiffs' copyrighted musical compositions, Plaintiffs do not allege, nor can they allege, ownership of the sound recordings at issue. (*Id.*, ¶¶ 28, 30, 34, 36, 40, 42, 46, 48, 52, 54, 58, 60, 64, 66, 70, 72, 76, 78, 82, 84, 88, 90, 94, 96). Rather, the copyrights at issue are the copyrights in the musical compositions. *Id.* Plaintiffs further allege that "without authorization," Defendants have "copied, displayed, performed, and distributed to the public, via [ ] 'On-Demand Streams' and 'Limited Downloads'" Plaintiffs' copyrighted musical compositions. *Id.*

Plaintiffs' first cause of action alleges that "[e]ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was reproduced in copies onto Defendants' computer server(s) for use on Defendants' music services constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, et seq." (*Id.*, ¶ 106).

Plaintiffs' second cause of action alleges that "[e]ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was displayed

---

[2] Plaintiff MCS is alleged to be "the current or previous exclusive copyright and licensing administrator for each named Plaintiff, with the exception of Plaintiff John McCutcheon," is not alleged to own any of the copyrighted works at issue, and "while not owning any of the copyrighted works at issue," is alleged to have "a beneficial interest in the outcome of this litigation." Doc. No. 17 ¶¶ 3, 24. As detailed in the accompanying Motion to Dismiss, Plaintiff MCS does not have standing to sue under the Copyright Act.

publicly on Defendants' music services constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, et seq." (*Id.* ¶ 110).

Plaintiffs' third cause of action alleges that "[e]ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was distributed to the public via 'Limited Downloads' from Defendants' music services constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, et seq." (*Id.* ¶ 114).

And, Plaintiffs' fourth cause of action alleges that "[e]ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was distributed to the public and/or performed publicly via 'On-Demand Streams' from Defendants' music services constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, et seq." (*Id.* ¶ 118).

Plaintiffs then request either "(i) actual damages and profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount of $150,000 ***per each act of infringement*** of Plaintiffs' copyrighted works, pursuant to 17 U.S.C. § 504(c)." (Doc. No. 17, Prayer ¶ 8 (emphasis added)). In short, Plaintiffs indicate that they are entitled to an award of statutory damages for each of the 308 separate sound recordings embodying their works – the 215 musical compositions – and for each time the sound recordings were copied, displayed, performed and distributed to the public via Defendants' music services.

# LEGAL ARGUMENT

A.  **RELEVANT LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. However, [the Court] need not accept as true legal conclusions or unwarranted factual inferences." *Morgan*, 829 F.2d at 12.

B.  **PLAINTIFFS ARE ONLY ENTITLED TO CLAIM ONE AWARD OF STATUTORY DAMAGES PER MUSICAL COMPOSITION INFRINGED.**

Section 504(c) of the Copyright Act confers upon plaintiffs the right to seek statutory damages upon proof of registration of a copyright prior to the time the copyrighted work was infringed, and proof of infringement. 17 U.S.C.§ 504(c). Section 504(c) specifies that only a single statutory damage award may be recovered *per work infringed*. 17 U.S.C.§ 504(c) (a single award may be recovered "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or which any two or more

5

infringers are liable jointly and severally . . . ."[3]); *King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 864 (M.D. Tenn. 2006) ("'[F]or the purpose of computing statutory damages, the relevant unit is not the number of infringements but the number of infringed 'works.'") (*quoting UMG Recordings, Inc. v. MP3.Com. Inc.*, 109 F. Supp. 2d 223, 225 (S.D.N.Y.2000)). In *King*, the Court found that only 17 statutory damage awards were appropriate, where 21 songs from 17 albums that had been registered as compilations were infringed. 438 F. Supp. 2d at 865-66.

Similarly, in *Hamlin v. Trans-Dept of California*, Inc., 584 F. Supp. 2d 1050, 1052 (M.D. Tenn. 2008), defendant obtained a copy of plaintiff's copyrighted how-to guidebook and published and distributed its own instruction sheets on the same topic using photographs from the guidebook. *Id.* Plaintiff brought an action for copyright infringement and requested in the "Prayer for Relief" of his Complaint, "that the Court 'find Defendant liable to Plaintiff for willful copyright infringement for each separate act of infringement.'" *Id.* at 1053. The Court rejected plaintiff's claim and determined that only one copyrighted work (the guidebook) was infringed and therefore the plaintiff was only entitled to one statutory damage award. *Id.* at 1053-56.

The applicable Report of the Committee on the Judiciary likewise states unambiguously that "[a] single infringer of a single work is liable for a single

---

[3] Plaintiffs have not specified whether defendants are alleged to be liable individually, or jointly and severally. If any two or more defendants are liable jointly and severally, only one award per work infringed could be entered against them. *See* 17 U.S.C. § 504(c). Accordingly, Defendants seek judgment on the pleadings that Plaintiffs may recover a maximum of only one statutory damage award per work infringed by any defendant held liable individually, or for which any two or more infringers are liable jointly and severally.

amount . . . no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series." H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in*, 1976 U.S. Code Cong. & Admin. N. 5659, 5778.

The law from other jurisdictions is in accord. *See, e.g., Walt Disney Co. v. Powell,* 897 F. 2d 565, 569 (D.C. Cir. 1990) ("Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements" and finding that "[t]he district court erred in assessing damages based upon six 'violations,' mistakenly focusing on the number of infringements rather than on the number of works infringed."); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191 (1st Cir. 2004) (following *Walt Disney Co. v. Powell*); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) ("Under [§ 504(c)(1) ], the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable *infringers*, regardless of the number of *infringements* of those works.") (emphasis in original).

Plaintiffs' attempt to claim in their First Amended Complaint multiple statutory damage awards based on multiple owners, multiple infringements, and multiple exclusive rights. They indicate that they are entitled to an award of statutory damages for each separate sound recording embodying their works -- the 215 musical compositions -- and for each time such sound recording was copied,

7
Case 3:09-cv-00597   Document 49   Filed 09/28/09   Page 7 of 10 PageID #: 374

displayed, performed and distributed to the public via Defendants' music services. Plaintiffs, however, misread the law. Indeed, the legislative history makes clear that although statutory damage "amounts are to be multiplied where multiple 'works' are involved in the suit, the same is not true with respect to multiple copyrights, multiple owners, multiple exclusive rights, or multiple registrations." H.R. Rep. No. 94-1476, at 162 (1976), reprinted in 1976 U.S. Code, Cong. & Admin. N. 5659, 5778.

Hence, Plaintiffs' interpretation of Section 504(c) is legally incorrect, and its claim for statutory damages per "each act of infringement" should be dismissed.

## CONCLUSION

Defendants Yahoo! and Microsoft request an order for judgment on the pleadings that Plaintiffs may recover no more than a maximum of one award of statutory damages per work infringed against Defendants acting jointly and severally or each individually liable defendant, regardless of the number of copyrights, owners, exclusive rights or registrations alleged to be infringed.

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
Katharine R. Cloud (BPR #19336)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 – telephone
(615) 320-3737 – facsimile
twarnock@rwjplc.com
kcloud@rwjplc.com

Ian C. Ballon (*pro hac vice*)
Wendy M. Mantell (*pro hac vice*)
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
(310) 586-7700 - Telephone
(310) 586-7800 - Facsimile
ballon@gtlaw.com
mantellw@gtlaw.com

Attorneys for Defendants Yahoo! Inc.
and Microsoft Corporation

## CERTIFICATE OF SERVICE

   I certify that a true and correct copy of the foregoing Memorandum has been served upon the following Filing Users through the Court's Electronic Filing System:

Stephen E. Grauberger  
Derrick H. Green  
Grauberger, Pierce & Greene, PLLC  
2323 N. Mt. Juliet Road  
Mt. Juliet, TN  37122  
grauberger@gpglaw.com  
derrickgreen@gpglaw.com  

Cynthia S. Arato  
Macht, Shapiro, Arato & Isserless LLP  
The Grace Building  
1114 Avenue of the Americas, 45th Floor  
New York, NY 10036  
carato@machtshapiro.com  

Jay S. Bowen  
Bowen & Unger, PLC  
47 Music Square East  
Nashville, TN  37203  
jbowen@bowenungerlaw.com  

this 28th day of September, 2009.

                s/  Timothy L. Warnock