IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MCS MUSIC AMERICA, INC.,** *et al.* | ) |
| | ) |
| Plaintiffs, | ) Case No. 3:09-cv-00597 |
| | ) Campbell/Griffin |
| v. | ) |
| | ) **JURY DEMAND** |
| **YAHOO! INC., a Delaware corporation,** *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW the Plaintiffs, by and through counsel, and respectfully submit the following Memorandum in Support of Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings.

### I. INTRODUCTION

Defendants' motion appears to be seeking judgment on the pleadings for the purpose of asking the Court to simply state the current law. Plaintiffs contend that Defendants have grossly misinterpreted the First Amended Complaint and misrepresented its contents to this Court.

To the extent that Defendants seek a declaration of this Court that Plaintiffs may recover from each individually liable defendant one (1) statutory damage award per work infringed, Plaintiffs stipulate that is the case. However, to the extent that Defendants seek this Court to define a "work" under the Copyright Act, Plaintiffs and Defendants disagree as to the definition of said term.

### II. RELEVANT FACTS

Plaintiffs contend in their First Joint Cause of Action in the First Amended Complaint that "(e)ach instance whereby a sound recording embodying a copyrighted work owned by

1

Plaintiffs was reproduced in copies onto Defendants' computer server(s) for use on Defendants' music services [without authorization] constitutes a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*"

Plaintiffs contend in their Second Joint Cause of Action in the First Amended Complaint that "(e)ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was displayed publicly on Defendants' music services [without authorization] constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, *et seq.*"

Plaintiffs contend in their Third Joint Cause of Action in the First Amended Complaint that "(e)ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was distributed to the public via "Limited Downloads" from Defendants' music services [without authorization] constitutes a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*"

Plaintiffs contend in their Fourth Joint Cause of Action in the First Amended Complaint that "(e)ach instance whereby a sound recording embodying a copyrighted work owned by Plaintiffs was distributed to the public and/or performed publicly via "On-Demand Streams" from Defendants' music services [without authorization] constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, *et seq.*"

Plaintiffs allege that Defendants Yahoo! Inc. and Microsoft Corporation each copied, displayed and distributed 308 different recordings embodying 215 copyrighted musical compositions owned by Plaintiffs. Plaintiffs allege that Defendant RealNetworks, Inc. copied, displayed and distributed 334 recordings embodying 216 copyrighted musical compositions owned by Plaintiffs.

Plaintiffs prayer for relief in the First Amended Complaint seeks "(a)n award to Plaintiffs, at their election, of either (i) actual damages and profits derived by Defendants as a result of their infringing activities, **pursuant to 17 U.S.C. § 504(b)**, or (ii) statutory damages in the maximum amount of $150,000 per each act of infringement of Plaintiffs' copyrighted works, **pursuant to 17 U.S.C. § 504(c)**." [emphasis added]

### III.  LEGAL STANDARD

Fed. R. Civ. P. Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c).  Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion in reviewing the district court's decision.  *See Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 182 (7th Cir. 1986); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 778 n.3 (2d Cir. 1984); *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977).

Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); *see also Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *see also Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). However, the Court need not accept as true legal

3
Case 3:09-cv-00597    Document 63    Filed 10/19/09    Page 3 of 8 PageID #: 575

conclusions or unwarranted factual inferences. *See Westlake*, 537 F.2d at 858; *Davis H. Elliot*, 513 F.2d at 1182; *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

## IV.  ARGUMENT

### Plaintiffs Only Seek Available Damages Pursuant to the Copyright Act

While Plaintiffs' First Amended Complaint outlines and alleges each and every separate act of infringement, Plaintiffs stipulate that the current state of the Copyright law as interpreted by the courts allows for only one (1) award of damages for infringement of each "work". However, Plaintiffs contend that Defendants have misinterpreted what a "work" is under the Copyright Act.

### Each Separate Recording Embodying Plaintiffs' Copyrighted Musical Compositions Is a Separate Work Under the Copyright Act

Although not overtly requested in their motion, Defendants imply that Plaintiffs should be limited to recovery of one (1) statutory award for infringement per copyrighted musical composition.  To the extent that Defendants do seek such a ruling, Plaintiffs contend that each recording embodying Plaintiffs' copyrighted musical compositions is a separate and independent "work" for which damages may be awarded.

While the Copyright Act does not define "work" directly, courts and scholars have set forth some guidelines for the purpose of determining damages.

> The Second Circuit has explained that separate copyrights are not distinct works unless they can 'live their own copyright life.'  In the same vein, one of its district courts has determined that where separate copyrights 'have no separate economic value, whatever their artistic value, they must be considered part of [a] …. work for purposes of the copyright statute.'  Nimmer has similarly stated that 'in order to qualify for a separate minimum award, the work which is the subject of a separate copyright would have to be in itself …. viable." *D. Nimmer, 3 Nimmer on Copyright,* § 14.06[B] at 14-55-14-56 (1989).

*Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990).

Defendants rely upon this to conclude that Plaintiffs are limited to one (1) recovery per "copyright", which is different from a "work".

The Copyright Act does, however, provide some useful guidance applicable to this dispute. 17 U.S.C. § 101 clearly states:

> A work is "created" when it is fixed in a copy or phonorecord for the first time; where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time, and **where the work has been prepared in different versions, each version constitutes a separate work**. [emphasis added]

Plaintiffs contend that, for example, each of the eight (8) separate and distinct recordings (different versions) of John McCutcheon's copyrighted musical composition entitled "Christmas In The Trenches" that were copied, displayed and distributed by Defendant Yahoo! Inc. on its Yahoo Music subscription service constitutes eight (8) separate "works" under the Copyright Act and therefore eight (8) separate compensable infringements. Likewise, each of the thirteen (13) separate and distinct recordings (different versions) of John McCutcheon's copyrighted musical composition entitled "Christmas In The Trenches" that were copied, displayed and distributed by Defendant RealNetworks, Inc. on its Rhapsody music subscription service constitutes thirteen (13) separate "works" under the Copyright Act and therefore thirteen (13) separate compensable infringements. Also, each of the eight (8) separate and distinct recordings (different versions) of John McCutcheon's copyrighted musical composition entitled "Christmas In The Trenches" that were copied, displayed and distributed by Defendant Microsoft Corporation on its Zune music subscription service constitutes eight (8) separate "works" under the Copyright Act and therefore eight (8) separate compensable infringements.

As exemplified by the allegations of the First Amended Complaint and documents attached to the Declaration of Stephen E. Grauberger, attached hereto as **Exhibit "A"**, the recordings of multiple versions of "Christmas In The Trenches" are performed by different artists, produced at different times by different people, initially distributed by different record labels, generate separate and distinct revenue streams, which all contribute to each recorded version living its own distinct copyright life. Further, assuming arguendo that the record labels granted rights to Defendants that the record labels did not possess, each record label would be distinct and separate infringers/potential defendants and provide Defendants with separate possible sources for indemnification (depending on their agreements with these record labels).

Each of the works, as defined herein, live separate economic lives. If John McDermott's recorded version of "Christmas In The Trenches" on his album entitled <u>Remembrance</u> did not exist, John McCutcheon's recorded version of "Christmas In The Trenches" on his album entitled <u>Live At Wolf Trap</u> would still be economically viable. These separate and distinct versions stand alone and are therefore separate "works" within the meaning of the Copyright Act, as are the remaining various and distinct versions set forth in the First Amended Complaint.

### Plaintiffs Have Not Yet Made An Election of Actual or Statutory Damages

Plaintiffs have not yet made an election of damages. Were the Court to conclude that Plaintiffs may only recover for one (1) infringement per copyrighted musical composition, this could and would have a direct impact upon actual profits derived from Defendants' infringements. A determination at this juncture would create difficulties as to how those actual profits are calculated and on what recordings they are based.

## V. CONCLUSION

Plaintiffs stipulate that the current state of the Copyright law allows only one (1) award of damages per infringed "work". Plaintiffs further submit that Defendants have not asked the Court for any determination regarding the definition of a "work", but if the Court is inclined to address this issue, Plaintiffs request this Court determine that each separate recorded version embodying Plaintiffs' copyrighted musical compositions is a separate "work" for purposes of damage calculation.

          Respectfully submitted,

          s/ Stephen E. Grauberger
          Stephen E. Grauberger (BPR#23652)
          Derrick H. Green (BPR#25412)
          Grauberger, Pierce & Greene, PLLC
          2323 N. Mt. Juliet Road
          Mt. Juliet, TN 37122
          grauberger@gpglaw.com
          derrickgreen@gpglaw.com

          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

>Timothy L. Warnock (BPR #12844)
>Katharine R. Cloud (BPR #19336)
>Riley Warnock & Jacobson, PLC
>1906 West End Avenue
>Nashville, Tennessee 37203
>twarnock@rwjplc.com
>kcloud@rwjplc.com
>
>Ian C. Ballon
>Wendy M. Mantell
>Greenberg Traurig, LLP
>2450 Colorado Avenue, Suite 400E
>Santa Monica, CA 90404
>ballon@gtlaw.com
>mantellw@gtlaw.com
>
>Attorneys for Defendants Yahoo! Inc. and Microsoft Corporation

AND

>Jay S. Bowen
>Bowen & Unger, PLC
>47 Music Square East
>Nashville, TN 37203
>jbowen@bowenungerlaw.com
>
>Cynthia S. Arato
>Macht, Shapiro, Arato & Isserless LLP
>The Grace Building
>1114 Avenue of the Americas, 45th Floor
>New York, NY 10036
>carato@machtshapiro.com
>
>Attorneys for Defendant Real Networks, Inc.

This the 19th day of October, 2009.

/s/ Stephen E. Grauberger
Stephen E. Grauberger