IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MCS MUSIC AMERICA, INC.; ) <br> CONEXION MEDIA GROUP, PLC, ) <br> d/b/a SU-MA PUBLISHING COMPANY; ) <br> MARK FARNER d/b/a CRAM RENRAFF ) <br> COMPANY; CHARLIE BLACK, d/b/a SONGS ) <br> IN BLACK INK; R GANT MUSIC GROUP, ) <br> INCORPORATED, d/b/a HELLO DARLIN' ) <br> MUSIC; CHARLES LLOYD, individually, ) <br> and d/b/a FOREST FARM MUSIC; DARIUS ) <br> BROOKS, d/b/a FROM D'S PEN; HAPPY ) <br> SACK MUSIC, LTD., d/b/a VISA MUSIC; ) <br> JOE HILL MUSIC, LLC, d/b/a JOE HILL ) <br> MUSIC; LAURENCE WEISS, d/b/a ) <br> RHINESTONE COWBOY MUSIC CO.; ) <br> JOHN MCCUTCHEON, individually, and ) <br> d/b/a APPALSONGS and APPALSEED ) <br> PRODUCTIONS; DYYOR, INC., d/b/a ) <br> SEVEN CENTERS PUBLISHING; and ) <br> DAVID HOFFNER, d/b/a FIELDS OF ) <br> AUTUMN PUBLISHING, ) <br> ) <br>       Plaintiffs, ) <br> v. ) <br> ) <br> YAHOO! INC., a Delaware corporation; ) <br> REALNETWORKS, INC., a Washington ) <br> corporation; and MICROSOFT ) <br> CORPORATION, a Washington corporation, ) <br> ) <br>       Defendants. ) | Case No. 3:09-cv-00597 <br> Judge Todd J. Campbell <br> Magistrate Judge E. Clifton Knowles |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

In their Opposition, Plaintiffs acknowledge that they are not entitled to a statutory damage award for each act of infringement, which is the relief they seek in their First Amended Complaint ("FAC"), and may only recover *one award per work infringed*. Therefore, at a minimum the Court should grant Defendants'

Motion with leave to amend to conform the FAC to this stipulation. However, Plaintiffs argue that the "works" at issue are the 308 sound recordings in which Plaintiffs' 215 musical compositions allegedly are embodied, and that they should be entitled to recover for each of the 308 sound recordings at issue, even though they don't actually own the copyrights to the sound recordings. This is simply illogical. Simply put, Plaintiffs allege that they own 215 musical compositions. Accordingly, they can seek a maximum of 215 statutory damage awards, regardless of the number of sound recordings in which those compositions allegedly have been used

"Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights." *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004). "[T]he rights of a copyright in a sound recording do not extend to the song itself." *BTE v. Bonnecaze*, 43 F. Supp. 2d 619, 628 (E.D. La. 1999). Hence, there simply is no basis for Plaintiffs to recover up to a maximum of 308 awards for the sound recordings at issue when there is no allegation that they own the copyrights in those works.[1]

Ownership of a valid copyright is an essential element of proof of copyright infringement. *Bridgeport Music, Inc. v. WM Music Corp* 508 F.3d 394, 398 (6th Cir. 2007) ("Copyright infringement has two elements: (1) ***ownership of a valid***

---

[1] Defendants agree that a copyright registration certificate may not be the same as a work, but this distinction applied to this case could only mean that a smaller number of works than 215 potentially may be at issue.

*copyright*; and (2) copying of constituent elements of the work that are original.") (emphasis added); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007) (same). A plaintiff therefore cannot recover damages for infringement without proving ownership of the work infringed.

Plaintiffs' lax pleading on this issue is based on their reliance on case law that is no longer applicable. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).[2] Apparently, Plaintiffs are asking this Court to accept as true their conclusory allegations regarding the number of statutory awards to which they are purportedly entitled. But that is simply wrong. It is black letter law that this Court need not accept as true this legal conclusion, which is so obviously incorrect. *Ashcroft*, 129 S. Ct. at 1949-50. In any event, Plaintiffs lose even under the incorrect *Conley v. Gibson* pleading standard upon which they rely. Indeed, because Plaintiffs have not alleged (and cannot allege) that they are the copyright owners of the sound recordings at issue, it is "clear" that the "relief" which Plaintiffs seek cannot "be granted under any set of facts that could be proved consistent with [Plaintiffs'] allegations." Opposition at 3.

---

[2] Plaintiffs attach evidence to their Opposition to Defendants' Motion. Ordinarily, where the Court considers evidence in opposition to a motion for judgment on the pleadings, the motion is converted into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(f). *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). Here however, the evidence Plaintiffs attached to their Opposition is not material to the motion; rather, it has been offered for purposes of illustration. Therefore, the evidence need not be included in the Court's analysis. Defendants' Motion should be treated as a motion for judgment on the pleadings and decided in accordance with the standard for a Rule 12(b)(6) motion.

Because Plaintiffs do not and cannot allege they own any of the sound recordings at issue, they have no plausible claim for relief for the alleged infringement of those sound recordings, and may not recover any damages for any infringements of the sound recordings. The Court therefore should order that if Plaintiffs elect to pursue statutory damages (which is likely in this case because actual damages are *de minimis*),[3] Plaintiffs are only entitled to a *maximum* of **215** statutory damage awards, based on the 215 copyrights alleged in their First Amended Complaint.

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
Katharine R. Cloud (BPR #19336)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 – telephone
(615) 320-3737 – facsimile
twarnock@rwjplc.com
kcloud@rwjplc.com

---

[3] Plaintiffs protest that they should be entitled to elect between actual and statutory damages, which Defendants' motion is not intended to alter. This motion is directed at the maximum potential number of works at issue for purposes of statutory damages, if Plaintiffs elect that remedy. Plaintiffs infringement claim is based on Defendants' alleged technical failure to properly elect a compulsory license available to them under section 115 of the Copyright Act. 17 U.S.C. § 115; Compulsory License for Making and Distributing Phonorecords, Including Digital Phonorecord Deliveries, 37 C.F.R. §§ 201, 255. Had Defendants done so, the amount of the fees which would have been owed for the relevant four year time period for both defendants for all 215 alleged works is approximately $145. Hence, Defendants do not believe that Plaintiffs will seek actual damages.

Ian C. Ballon (*pro hac vice*)
Wendy M. Mantell (*pro hac vice*)
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
(310) 586-7700 - Telephone
(310) 586-7800 - Facsimile
ballon@gtlaw.com
mantellw@gtlaw.com

Attorneys for Defendants Yahoo! Inc.
and Microsoft Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system.

Stephen E. Grauberger
Derrick H. Green
Grauberger, Pierce & Greene, PLLC
2323 N. Mt. Juliet Road
Mt. Juliet, TN 37122
grauberger@gpglaw.com
derrickgreen@gpglaw.com

Cynthia S. Arato
Macht, Shapiro, Arato & Isserless LLP
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY 10036
carato@machtshapiro.com

Jay S. Bowen
Bowen & Unger, PLC
47 Music Square East
Nashville, TN 37203
jbowen@bowenungerlaw.com

this 2nd day of November, 2009.

s/ Timothy L. Warnock