UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MSC MUSIC AMERICA, INC.; ) | |
| CONEXION MEDIA GROUP, PLD, ) | |
| d/b/a SU-MA PUBLISHING COMPANY; ) | |
| MARK FARNER d/b/a CRAM RENRAFF ) | |
| COMPANY; CHARLIE BLACK, d/b/a ) | |
| SONGS IN BLACK INK; R GANT ) | |
| MUSIC GROUP, INCORPORATED, ) | |
| d/b/a FOREST FARM MUSIC; DARIUS ) | |
| BROOKS, d/b/a FROM D'S PEN; HAPPY ) | |
| SACK MUSIC, LTD., d/b/a/ VISA MUSIC; ) | |
| JOSE HILL MUSIC, LLC, d/b/a JOE HILL ) | |
| MUSIC; LAURENCE WEISS, d/b/a ) | |
| RHINESTONE COWBOY MUSIC CO.; ) | |
| JOHN MCCUTCHEON, individually, and ) | |
| d/b/a APPALSONGS and APPALSEED ) | |
| PRODUCTIONS; DYYOR, INC., d/b/a ) | |
| SEVEN CENTERS PUBLISHING; ) | |
| and DAVID HOFFNER, d/b/a FIELDS ) | |
| OF AUTUMN PUBLISHING, ) | |
| Plaintiffs, ) | |
| v. ) | NO. 3:09-cv-00597 |
| ) | JUDGE CAMPBELL |
| ) | Magistrate Judge Griffin |
| YAHOO! INC., a Delaware corporation; ) | |
| REALNETWORKS, INC., a Washington ) | |
| corporation; and MICROSOFT ) | |
| CORPORATION, a Washington ) | |
| corporation, ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Defendants Yahoo! Inc. and Microsoft Corporation's Motion to Dismiss All Causes of Action of Plaintiff MCS Music America, Inc. (Docket No. 46) and Plaintiffs' Motion to Amend the Complaint. (Docket No. 60). For the reasons stated herein,

1

Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion to Amend the Complaint is DENIED.

## MOTION TO DISMISS

Defendants' Motion to Dismiss All Causes of Action of Plaintiff MCS Music America, Inc. ("MCS") is granted on the ground Plaintiff MCS has failed to state a legal claim for copyright infringement. To establish a claim of copyright infringement, two elements must be satisfied: (1) ownership of a valid copyright, and (2) unauthorized copying of the original work. *Feist Publications, Inc. v. Rural Telephone Services Co., Inc,.* 499 U.S. 340, 111 S.Ct 1282 (1991); *Jones v. Blige*, 558 F.3d 485 (6th Cir. 2009).

MCS has failed to demonstrate ownership of any of the copyrights at issue. Plaintiffs allege MCS is a licensing administrator and an exclusive licensing agent of the copyrights at issue, but do not allege MCS to be an owner of such works. Without demonstrating legal ownership, MCS is not able to plead all of the necessary elements of copyright infringement.

Plaintiffs ask the court to consider the affidavit of Janice Bane with regard to MCS's rights. The court will not consider Ms. Bane's affidavit in deciding this issue. In ruling on a motion to dismiss, a court properly may consider only evidence contained in or asserted in the pleadings. As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss unless the motion is converted to one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). Furthermore, even if the court were to consider Ms. Bane's affidavit, it does not indicate any ownership on the part of MCS, thus rendering its consideration

2

moot.

Defendants' Motion to Dismiss All Causes of Action of Plaintiff MCS is GRANTED.

MOTION TO AMEND COMPLAINT

Plaintiffs have moved to amend their complaint a second time.  The Federal Rules of Civil Procedure state "...a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However. Plaintiffs have not demonstrated their amended complaint would show MCS has ownership of any of the copyrights at issue and would therefore be futile.  For that reason, Plaintiff's Motion to Amend Complaint is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE