IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MCS MUSIC AMERICA, INC., et al. )
         Plaintiffs, )
 )
v . ) NO. 3:09-cv-00597
 ) JUDGE CAMPBELL
YAHOO! INC., a Delaware )
corporation, et al. )
         Defendants. )

## MEMORANDUM

Pending before the Court is Defendants' Motion For Judgment on the Pleadings (Docket No. 48). The Court heard oral argument on January 13, 2010. For the reasons stated herein, the Motion (Docket No. 48) is GRANTED.

Defendants Motion states Plaintiffs are seeking "dramatically higher damages" than are permitted by the Copyright Act in that they demand $150,000 per each act of infringement. *Id*. Defendants argue both statutes and case law provide Plaintiffs are only entitled to receive one award of statutory damages per work infringed, not per act of infringement. *Id.* In their response, Plaintiffs agree they are only entitled to one award of statutory damages per work infringed, but disagree with Defendants on the definition of a "work." (Docket No. 63).

Plaintiffs contend each sound recording embodying Plaintiffs' copyrighted musical compositions is a separate and independent "work." *Id.* Furthermore, they argue each separate copyright is a "work" if it can "live [its] own copyright life" and is "itself...viable." *Id.* at 4.

Defendants argue that because a party must demonstrate ownership of a copyright before bringing a suit for infringement, Plaintiffs are only allowed to bring suit for the 215 musical

composition they claim to own. (Docket No. 49) Additionally, Defendants disagree with Plaintiffs' definition of a work, arguing that the musical composition and the sound recordings at issue are separate "works" with their own distinct copyrights. *Id.*

For the reasons stated herein, the Court finds the use of a single musical composition embodied in multiple sound recordings is one "work" for purposes of the recovery of statutory damages in this case. Accordingly, Defendants' Motion for Judgment on the Pleadings is GRANTED.

## **JUDGMENT ON THE PLEADINGS**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 51–52 (6th Cir. 2001)(citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)(internal citations and quotation marks omitted).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal*, __ US __, 129 S.Ct. 1937, 1949-50 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPrise, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009)(quoting

2

*Bell Atlantic Corp. v.. Twombly*, 550 U.S. 544, 555 (2007)); *see also Delay v. Rosenthal Collins Group, LLC.*, 585 F.3d 1003, 1005-06 (6th Cir. 2009).

## ANALYSIS

In their Complaint, Plaintiffs' demand "$150,000 per each act of infringement of Plaintiff's copyrighted work." However, Defendants argue if Plaintiffs are entitled to any damages, they are only entitled to receive one award of statutory damages per *work* infringed. (Docket. No. 49). In their Response, Plaintiffs stipulate they may recover only one statutory damage award per work infringed, but disagree with Defendants on what constitutes a "work." (Docket No. 63).

A single statutory damage award may be recovered per *work* infringed, for which any one infringer is liable individually, or where two or more infringers are liable jointly and severally. 17 U.S.C. § 504(c). A Report of the House Committee on the Judiciary regarding what ultimately became Section 504 of the Copyright Act states "[a] single infringer of a single work is liable for a single amount...no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series." H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in*, 1976 U.S. Code Cong. & Admin. N. 5659, 5778. The Copyright Act, however, does not offer a definition for what constitutes a "work."

Plaintiffs have alleged in their Complaint to be the owners of the exclusive copyrights of 215 musical compositions. (Docket No. 29). Plaintiffs allege Defendants have digitally transmitted 308 separate sound recordings which embody Plaintiffs' 215 copyrighted musical compositions, but do not allege ownership of the sound recordings. (Docket No. 29).

3

Plaintiffs contend that, for example, each of the eight different recordings or versions of John McCutcheon's copyrighted musical composition entitled "Christmas In The Trenches" that were copied, displayed and distributed by Defendant Yahoo! Inc. on its music subscription service constitutes eight separate works under the Copyright Act and therefore constitutes eight separate possible statutory awards. (Docket No. 63). The recordings of multiple versions of "Christmas in the Trenches" are performed by different artists, produced at different times by different people, and are distributed by different record labels. Id.

Plaintiffs argue that each sound recording embodying Plaintiffs' copyrighted musical compositions is a separate and independent "work" for which statutory damages may be awarded and therefore the "works" at issue are the 308 sound recordings in which the 215 musical compositions allegedly are embodied and that they should be entitled to recover for each of the 308 sound recordings at issue, even though they do not actually own the copyrights to the sound recordings. *Id.*

Defendants disagree, stating since Plaintiffs allege ownership of only the 215 musical compositions, those are the only "works" in which statutory damage awards may be given. (Docket No. 65).

Sound recordings and musical compositions are separate works with their own distinct copyrights. *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002). A musical composition consists of rhythm, harmony, and melody. *See* 1 Melville B. Nimmer & David Nimmer on Copyright, § 2.05[D]. It "is a particular sequence and arrangement of lyrics and/or music that comprise what most people refer to as a 'song.'" *Id.* Under the Copyright Act, sound recordings are "works that result from the fixation of a series of musical, spoken, or other

4

sounds, but not including the sounds accompanying a motion picture or other audiovisual work." 17 U.S.C. §. 101. Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights. *See* 17 U.S.C. § 102(a)(2), *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 475 n.3 (6th Cir. 2003). To the extent a disputed musical composition is actually a different musical composition, it is a separate work which requires a separate registration to recover statutory damages. The touchstone for recovery of statutory damages is registration.

Section 411(a) of the Copyright Act provides: "... no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

In *Walt Disney Company v. Powell*, 897 F.2d 565 (D.C. Cir. 1990), the court held that separate copyrights do not constitute distinct works unless they can "live their own copyright life." Under that analysis, where separate copyrights have no economic value, regardless of their artistic value, they must be considered part of a single work. Id.

The case at issue is similar to the *Walt Disney* case: The Disney Company possessed two copyrights, one each for Mickey and Minnie Mouse. Although the defendant sold multiple shirts with Mickey and Minnie in different poses, the court found that the defendant selling the shirts only infringed two of Disney's works because each shirt was essentially the same and only the poses varied:

> "While Mickey and Minnie are certainly distinct, viable works with separate economic value and copyright lives of their own, we cannot say the same is true for all six of the Disney's copyrights of Mickey and Minnie in various poses which the district court found to be infringed in this case. Mickey is still Mickey whether he is smiling or frowning, running or walking, waving his left hard or his right. Thus, we find that

5

Case 3:09-cv-00597 Document 82 Filed 02/05/10 Page 5 of 7 PageID #: 655

[defendant's] mouse-face shirts infringed only two of Disney's works."

*Walt Disney,* 897 F.2d at 570.

In our current case, the Plaintiffs own the copyright registrations of 215 musical compositions. They argue that each of the 308 sound recording that embodies one of their musical composition is an infringed "work" for which they are allowed to receive statutory damages. However, as in *Disney*, even though each musical composition is a distinct, viable work with separate economic value and copyright lives of their own, any variation of that "work" is still simply one "work" for the purposes of statutory damages. To the extent a disputed musical composition is actually a different musical composition, it is a separate work which requires a separate registration to recover statutory damages. To the extent a sound recording embodies a musical composition and is a separate "work," Plaintiffs must possess ownership and registration of those copyrights to be entitled to any statutory damages. A sound recording that is simply a variation of a copyrighted musical composition does not in and of itself make it a separate "work" for which statutory damages may be awarded.

The Copyright Act explains that "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504 (c)(1). During oral arguments, Plaintiffs were clear that they were not making a claim based on derivative works. Therefore, the Court does not reach the issue of statutory damages for derivative works. Also, the issue of actual damages is not presented in the pending motion.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion for Judgment on Pleadings (Docket No. 48) is GRANTED. Statutory damages, if any, are recoverable only on the 215 musical

compositions alleged in the Complaint, rather than the 308 sound recordings. In other words, Plaintiffs may only recover one award of statutory damages per musical composition per Defendant.

    IT IS SO ORDERED.

                                                        _____
                                                      TODD J. CAMPBELL
                                                      UNITED STATES DISTRICT JUDGE