IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MCS MUSIC AMERICA, INC.;[1]<br>CONEXION MEDIA GROUP, PLC<br>d/b/a Su-Ma Publishing Company;<br>MARK FARNER d/b/a Cram Renraff<br>Company; CHARLIE BLACK d/b/a<br>Songs in Black Ink; R GANT MUSIC<br>GROUP, INCORPORATED d/b/a Hello<br>Darlin' Music; CHARLES LLOYD,<br>individually and d/b/a Forest Farm<br>Music; DARIUS BROOKS d/b/a From<br>D's Pen; HAPPY SACK MUSIC, LTD.<br>d/b/a Visa Music; JOE HILL MUSIC,<br>LLC d/b/a/ Joe Hill Music; LAURENCE<br>WEISS d/b/a Rhinestone Cowboy Music<br>Co.; JOHN MCCUTCHEON,<br>individually and d/b/a Appalsongs and<br>Appleseed Productions; DYYOR, INC.<br>d/b/a Seven Centers Publishing; and<br>DAVID HOFFNER d/b/a Fields of<br>Autumn Publishing<br><br>v.<br><br>YAHOO!, INC.; REALNETWORKS,<br>INC.;[2] and MICROSOFT<br>CORPORATION | No. 3-09-0597 |

O R D E R

Pursuant to the order entered March 13, 2010 (Docket Entry No. 93), a hearing on the motion of Conexion Media Group, Inc.,[3] formerly MCS Music America, Inc., to quash subpoena was held on April 2, 2010, at which time the motion (Docket Entry No. 84) was GRANTED in part and DENIED in part as provided below:

---

[1] By order entered November 24, 2009 (Docket Entry No. 73), the defendants' motion to dismiss all claims brought by plaintiff MCS was granted, and by order entered December 9, 2009 (Docket Entry No. 74), MCS Music America, Inc. was terminated as a plaintiff.

[2] By stipulation filed on November 20, 2009 (Docket Entry No. 69), and order entered December 10, 2009 (Docket Entry No. 74), the plaintiffs' claims against defendant RealNetworks, Inc. were dismissed and it was terminated as a defendant in this action.

[3] Plaintiff Conexion Media Group, PLC, the plaintiff in this case, is a United Kingdom company and parent company of Conexion Media Group, Inc., formerly known as MCS Music America, Inc. ("MCS"). MCS is or was previously the agent for all but one of the remaining plaintiffs, and is assisting the remaining plaintiffs with providing song files and business files that MCS has.

1. To the extent that production of documents requested in the subpoena will duplicate documents that the plaintiffs have already produced or will produce, MCS shall respond to the subpoena by representing that, in addition to the documents MCS has already provided to the plaintiffs who have produced them to the defendants, MCS does not have any further responsive documents.

2. The plaintiffs' responses to written discovery have been extended to the week of April 5, 2010.[4]

3. MCS shall produce for in camera review by the Court copies of its tax returns for the tax years 2007 and 2008. Counsel for MCS shall deliver the tax returns directly to the office of the undersigned, 756 U.S. Courthouse, and shall NOT e-file them. The Court will examine the tax returns to determine if it is possible to identify income earned with respect to any particular plaintiff or composition listed on pages 6-12 of Exhibit A to the subpoena (Docket Entry No. 84-1). If the Court is unable to make that determination or if the tax returns reflect income earned with respect to the plaintiffs or compositions, the Court will schedule further proceedings with counsel. However, if it is clear that the tax returns do not identify any income earned with respect to particular plaintiffs or compositions, they will be returned to counsel for MCS.

4. MCS shall provide the defendants with a copy of a spreadsheet of licenses that it has issued on the compositions at issue.[5]

The protective order entered on August 25, 2009 (Docket Entry No. 34), shall apply to this production.

5. Within 14 days of the completion of the plaintiffs' production of documents pursuant to the defendants' requests for production propounded to the plaintiffs, counsel for MCS and the defendant shall meet and review the specific enumerated categories of documents listed in the

---

[4] The plaintiffs have already produced approximately 8000 pages of documents, including all paper licenses that exist, administration agreements (except for one inadvertently not included in the first production), copyright certificates, commercially released records, and deposit materials. Plaintiffs' counsel represented that there will be further responses the week of April 5, 2010, and expects to begin that production on April 5, 2010.

[5] MCS already generates/maintains such a spreadsheet.

subpoena issued to MCS to confirm that MCS does not have any additional documents not already produced by the plaintiffs. At that time, counsel shall also confer about the defendants' requests that implicate settlement agreements between MCS and Napster and RealNetworks, and any documents not produced by the plaintiffs relating to MCS ownership interests.[6]

6. If disputed issues remain after the parties' meeting, counsel shall notify the Court and a further hearing will be scheduled.

Although deadlines were not specifically addressed on April 2, 2010, the following deadlines are hereby established:

1. If MCS has not already done so, it shall produce the spreadsheet addressed above by April 19, 2010.

2. MCS shall provide copies of its tax returns for 2007 and 2008 to the Court for in camera inspection no later than April 19, 2010.

3. If MCS has not already done so, it shall respond, no later than April 19, 2010, to the requests for documents listed in Exhibit A, by confirming that it has no responsive documents other than those documents already produced by the plaintiffs except for tax returns and any other enumerated documents that MCS shall specify.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[6] Counsel for MCS advised that he did not think that there would be any such documents.